Clifford H. Pearson (Bar No. 108523)
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Tel:  (818) 788-8300
Fax: (818) 788-8104
Email: cpearson@pswlaw.com
Email: dwarshaw@pswlaw.com
Email: bpouya@pswlaw.com

Attorneys for Plaintiff and the Class

*Additional Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOAN J. BUCK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>METRO-GOLDWYN-MAYER STUDIOS INC., and DOES 1-100,<br><br>　　　　Defendants. | CASE NO. 14-cv-3637-DDP-FFM<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE BRIEFING AND HEARING SCHEDULE ON DEFENDANT'S MOTION TO DISMISS AND FOR RELIEF FROM LOCAL CIVIL RULE 23-3**<br><br>[Declaration of Jeffrey A. Koncius and [Proposed] Order filed concurrently herewith]<br><br>Judge:  Hon. Dean D. Pregerson<br>Action Removed:  May 12, 2014 |

859484.3

PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE BRIEFING AND HEARING SCHEDULE ON
DEFENDANT'S MOTION TO DISMISS AND FOR RELIEF FROM LOCAL CIVIL RULE 23-3

# I.    <u>INTRODUCTION</u>

Through this ex parte application, Plaintiff Joan J. Buck ("Plaintiff"), on behalf of herself and a proposed class of similarly situated persons, respectfully requests the Court to: (1) continue the briefing and hearing schedule on Defendant Metro-Goldwyn-Mayer Studios' ("Defendant") Motion to Dismiss (Doc. No. 11) until after the Court rules on Plaintiff's to-be-filed Motion to Remand; and (2) relieve Plaintiff from the requirements of Local Civil Rule ("L.R.") 23-3[1] and set the briefing and hearing schedule on Plaintiff's Motion for Class Certification at the Initial Scheduling Conference.

As set forth herein and in the supporting declaration of Jeffrey A. Koncius ("Koncius Decl."), good cause exists for granting the requested relief.  This case was originally filed in Los Angeles Superior Court on March 21, 2014, and was removed on May 12, 2014.  (Doc. No. 1).  Plaintiff intends to imminently file a Motion to Remand the case with a noticed hearing date of June 25, 2014.  As currently scheduled, Plaintiff's opposition to Defendant's Motion to Dismiss ("MTD") is due Monday, June 2, 2014, before the hearing on Plaintiff's Motion to Remand.  If the Court were to grant Plaintiff's Motion to Remand, it would moot Defendant's MTD and render any briefing by the parties or analysis by the Court unnecessary.  Furthermore, under the rigid standards of L.R. 23-3, Plaintiff's Motion for Class Certification would be due before  Plaintiff had the opportunity to conduct discovery.  Such an outcome would unduly prejudice Plaintiff, while relief from L.R. 23-3 would in no way prejudice Defendant.

For the reasons outlined below, it is in the interests of justice and efficiency to continue the briefing and hearing schedule on Defendant's MTD until after the

---

[1] L.R. 23-3 requires Plaintiff to file a motion for class certification "[w]ithin 90 days after service of a pleading purporting to commence a class action."

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE BRIEFING AND HEARING SCHEDULE ON
DEFENDANT'S MOTION TO DISMISS AND FOR RELIEF FROM LOCAL CIVIL RULE 23-3

1  Court rules on Plaintiff's Motion to Remand, and to waive the L.R. 23-3 deadline
2  for Plaintiff's Motion for Class Certification and set the briefing and hearing
3  schedule on the same at the Initial Scheduling Conference.

4  **II.       PROCEDURAL HISTORY RELEVANT TO THIS APPLICATION**

5          This action alleges that Defendant fails to conduct proper accountings, and
6  underpays "profit participants," on revenue it receives from the exploitation of
7  motion pictures distributed via the home video market.  Plaintiff's counsel herein
8  are also counsel of record for plaintiffs in five similar class actions pending before
9  the Honorable Elihu M. Berle in the Complex Civil Division of the Los Angeles
10 Superior Court.  Koncius Decl. ¶ 2.  Those five actions against other major movie
11 studios, which allege similar claims and involve substantially similar questions of
12 law and fact, have been deemed related and have been pending before Judge Berle
13 since January 2013.[2]  *Id.*  On March 28, 2014, Judge Berle ordered this case to be
14 related to the five pending cases in that court.  *Id.* Ex. A.  This case was then
15 removed and the MTD filed shortly thereafter.

16         Plaintiff's counsel and defense counsel participated in telephonic conferences
17 regarding Defendant's MTD, Plaintiff's Motion to Remand, and L.R. 23-3 on at
18 least May 14, 2014 and May 16, 2014.  Koncius Decl. ¶ 4.  During these
19 conferences, Plaintiff's counsel requested that Defendant seek a hearing date on its
20 MTD far enough out that the Court would have sufficient time to hear and rule on
21 Plaintiff's Motion to Remand.  *Id.*  Defense counsel would only agree to seek a
22 hearing date one week after the hearing on Plaintiff's Motion to Remand, but

23 ──────────────

24 [2] The pending class actions are *Colin Higgins Prods., Ltd. v. Paramount Pictures
   Corp.* (No. BC499179), *Colin Higgins Prods., Ltd. v. Universal City Studios, LLC*
25 (No. BC499180), *Stanley Donen Films, Inc. v. Twentieth Century Fox Film Corp.*
   (No. BC499181), *Larry E. Martindale v. Sony Pictures Ent., Inc.* (No. BC499182),
26 and *Stuntman, Inc. v. Warner Bros. Ent., Inc.* (No. BC500040).  Pearson, Simon &
27 Warshaw, LLP are not counsel in the *Warner Bros.* action.

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE BRIEFING AND HEARING SCHEDULE ON
DEFENDANT'S MOTION TO DISMISS AND FOR RELIEF FROM LOCAL CIVIL RULE 23-3

1  Plaintiff could not agree to this proposal because it did not address her concern of

2  briefing the MTD, which could be mooted by Plaintiff's Motion to Remand.  *Id.* ¶ 5.

3      On May 19, 2014, Defendant filed its MTD and set a hearing date of June 16,

4  2014—the statutory minimum notice.  *See* L.R. 6-1.  The next day, the parties

5  stipulated to continue the hearing date without prejudice to Plaintiff seeking the

6  instant relief, which the Court granted on May 21, 2014.  (Doc. No. 17).  Pursuant to

7  that Order, the MTD is set to be heard June 30, 2014, with Plaintiff's opposition due

8  June 2, 2014 and Defendant's reply due June 16, 2014.

9      With respect to L.R. 23-3, Plaintiff's counsel requested that defense counsel

10  agree to waive the requirements of the rule, as is customary in most complex class

11  actions in this district.  Plaintiff's counsel explained the discovery anticipated to be

12  performed, which will include, among other things, Defendant's profit participant

13  contracts and policies and practices regarding accountings and payments to profit

14  participants.  Koncius Decl. ¶¶ 6-7.  Defendant would only agree to move the L.R.

15  23-3 deadline to 90 days after the Court's ruling on Plaintiff's Motion to Remand.

16  *Id.* ¶ 8.  Plaintiff could not agree to this proposal since it would not give her enough

17  time to conduct the extensive discovery needed before Plaintiff could move for class

18  certification.  *Id.*

19      Because Plaintiff's opposition to Defendant's MTD is due on June 2, 2014,

20  and the L.R. 23-3 deadline is fast-approaching,[3] Plaintiff now brings this ex parte

21  application for relief.

22  _____

23  [3] While the express language of the rule states the deadline is "[w]ithin 90 days after

24  service of a pleading purporting to commence a class action," authority in this

25  district holds that, where a case is removed from state court, the 90-day period

26  begins to run on the date of removal.  *See Verner v. Swiss II, LLC*, No. CV 09-5701,

26  2010 WL 99084, at *1 (C.D. Cal. Jan. 6, 2010).  Since Defendant removed this case

27  on May 12, 2014, Plaintiff's deadline to file a motion for class certification is

27  currently August 8, 2014.

28

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

## III.   ARGUMENT

### A.   Good Cause Exists to Continue the Hearing on Defendant's Motion to Dismiss Until 42 Days After the Court Rules on Plaintiff's Motion to Remand

District courts have the inherent power to control their own dockets and calendars. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983); *see also* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]").  Here, good cause exists to continue the hearing on Defendant's MTD (and the attendant opposition and reply deadlines) because it would save party and judicial resources and promote efficiency.

Under the current schedule, Plaintiff would have to file her opposition to Defendant's MTD while her Motion to Remand was pending and before the Court would have a chance to rule on her motion.  As this Court has observed, if the matter is remanded, the Court would no longer have jurisdiction to rule on Defendant's MTD.  *See Hun Gim v. Wells Fargo Home Mortg. Inc.*, No. CV 12-05686, 2012 WL 3848659, at *1 (C.D. Cal. Sept. 5, 2012) (Pregerson, D.J.) (vacating as moot defendant's motion to dismiss after granting plaintiff's motion to remand).  Thus, it is not economical for Plaintiff to spend time and resources briefing an opposition to Defendant's MTD (and having the Court analyze and consider both motions) when her Motion to Remand may render the MTD moot.

Plaintiff therefore proposes a continuance of Defendant's MTD to 42 days after the Court rules on Plaintiff's Motion to Remand.  This would move the deadline for Plaintiff's opposition to the MTD to 14 days after the Court's ruling on her Motion to Remand.  The deadline for Defendant's reply would be 28 days after the Court's ruling, which is consistent with the spirit of the parties' first stipulation.  (Doc. No. 17); Koncius Decl. ¶ 9.  Good cause supports the granting of this minimal and justified continuance in the interests of judicial economy and efficiency.

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1

2

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

B.      **Good Cause Also Exists to Relieve Plaintiff of the Requirements of L.R. 23-3**

1.      **The Court Has Broad Discretion in Applying L.R. 23-3**

District courts have wide discretion in applying the Local Rules, especially pertaining to the timing of class certification motions.  *See Misra v. Decision One Mortg. Co.*, 673 F. Supp. 2d 987, 993-94 (C.D. Cal. 2008) ("[T]he Court has discretion to permit class certification after the 90 day period under the Local Rules"); *Ferrell v. ConocoPhillips Pipe Line Co.*, No. 09-cv-00431, 2010 WL 1946896, at *2 (C.D. Cal. May 12, 2010) (same).  L.R. 23-3 itself states that the 90-day deadline applies "unless otherwise ordered by the Court," expressly indicating that the Court may vacate L.R. 23-3 and establish its own deadline.  Pursuant to this power, courts in this district have routinely granted relief from L.R. 23-3 when the party seeking relief does so *prior to* the deadline expiring and the non-moving party does not show prejudice.  *See, e.g., Clark v. Sprint Spectrum L.P.*, No. 10-cv-9702, 2011 WL 835487 (C.D. Cal. Mar. 7, 2011).[4]  Moreover, Federal Rule of Civil Procedure 6(b), which takes precedence over the Local Rules, states that district courts "may, for good cause, extend the time" for filing motions under local court rules.  Fed. R. Civ. P. 6(b)(1)(A).  Thus, this Court is not bound by the strict application of L.R. 23-3.

2.      **It is Not Practicable for Plaintiff to File Her Motion for Class Certification Within the L.R. 23-3 Deadline**

Federal Rule of Civil Procedure 23 sets no time limit on the filing of a motion

---

[4] On the other hand, when courts in this district deny relief from L.R. 23-3, it is often the case that the party seeking relief does so *after* the deadline has expired and is unable to meet the greater burden of "excusable neglect" under Rule 6(b)(1)(B).  *See, e.g., Fournier v. Creditors Interchange Receivable Mgmt.*, No. 10-cv-3220, 2011 WL 987383 (C.D. Cal. Mar. 16, 2011); *Verner*, 2010 WL 99084.

859484.3

5

PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE BRIEFING AND HEARING SCHEDULE ON DEFENDANT'S MOTION TO DISMISS AND FOR RELIEF FROM LOCAL CIVIL RULE 23-3

1    for class certification, but instead requires district courts to determine whether to

2    certify a class action "[a]t an early practicable time."  Fed. R. Civ. P. 23(c)(1)(A).

3    Under Supreme Court and Ninth Circuit authority, class certification is generally not

4    practicable prior to conducting discovery because those courts have recognized that

5    "certification is proper only if the trial court is satisfied, after a rigorous analysis,

6    that the prerequisites of [Rule 23] have been satisfied."  *Wal-Mart Stores, Inc. v.*

7    *Dukes*, 131 S. Ct. 2541, 2551 (2011); *see also Chamberlan v. Ford Motor Co.*, 402

8    F.3d 952, 961 (9th Cir. 2005); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313

9    (9th Cir. 1977) ("[T]he better and more advisable practice for a District Court to

10    follow is to afford the litigants an opportunity to present evidence as to whether a

11    class action [is] maintainable").

12      Unlike other motions that may be brought without any discovery (e.g., a

13    motion to dismiss), a motion for class certification requires discovery and evidence

14    beyond the pleadings for support.  In order to allow the Court to conduct the

15    necessary rigorous analysis of Plaintiff's Motion for Class Certification, Plaintiff

16    must be able to conduct written discovery, review documents, and take depositions

17    relating to, among other things: (1) Defendant's contracts, profit participation

18    statements, and accountings with profit participants; (2) Defendant's policies and

19    procedures for characterizing income derived from home video distribution; (3)

20    Defendant's policies and procedures for paying income derived from home video

21    distribution to profit participants; and (4) Defendant's policies and procedures for

22    responding to, maintaining, and settling audit requests.  Based on Plaintiff's

23    counsel's experience in the related cases against the major movie studios, this

24    process will surely entail the review of hundreds, if not thousands, of documents, all

25    of which will have to be analyzed for their amenability to class treatment; multiple

26    sets of written discovery; and depositions of Plaintiff, Defendant, and relevant

27    witnesses with knowledge of Defendant's payment of income derived from home

28    video distribution.  Koncius Decl. ¶ 7.  It is simply not practicable for Plaintiff to

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

1   conduct this necessary discovery within the 90-day period set by L.R. 23-3.

2        Therefore, in light of the above, Plaintiff respectfully requests that the Court

3   waive the requirements of L.R. 23-3 and set the briefing schedule for Plaintiff's

4   Motion for Class Certification at the Initial Scheduling Conference.

5        **3.      Defendant Will Not Suffer Any Prejudice if the Court Grants
             Plaintiff's Request for Relief**

6

7        Plaintiff's request for relief from L.R. 23-3 is also warranted because

8   Defendant will suffer no prejudice if the Court grants such relief.  Through this

9   application, Plaintiff is merely seeking a reasonable extension of time so she can

10  obtain the necessary discovery to file her Motion for Class Certification in a manner

11  that comports with Rule 23.  Defendant will not suffer any prejudice if the Court

12  grants Plaintiff's request for relief because such relief will not affect the analysis or

13  unreasonably delay the resolution of class certification.  On the other hand, Plaintiff

14  and class members will be irreparably prejudiced if the Court denies Plaintiff's

15  request because they would be unable to assert their rights by moving for class

16  certification with the support of meaningful and substantive discovery.  Therefore,

17  the balance of equities strongly favors granting Plaintiff's request for relief.

18       **C.     <u>Plaintiff Has Complied with the Court's Instructions and Local
             Rules Regarding the Filing of this Ex Parte Application</u>**

19

20       Plaintiff's ex parte application is brought under extraordinary circumstances

21  requiring resolution prior to the deadlines set out above.  Plaintiff has complied with

22  the Court's instructions on its website by bringing this ex parte application after the

23  parties were unable to reach a stipulation.  *See* Koncius Decl. ¶ 9.  Plaintiff has

24  complied with L.R. 7-19 through 7-19.2 by advising Defendant of her intent to file

25  this ex parte application and attempting to seek a stipulation to avoid this filing.  *Id.*

26  Defendant has advised Plaintiff of its intent to oppose Plaintiff's application.  *Id.* Ex.

27  B.  The name, address, telephone number, and e-mail address for defense counsel

28  are as follows:

859484.3

7

1.     Scott A. Edelman, Gibson, Dunn & Crutcher LLP, 2029 Century Park East, Suite 4000, Los Angeles, CA 90067, (310) 552-8500, sedelman@gibsondunn.com;

2.     Jay P. Srinivasan and Minae Yu, Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071, (213) 229-7000, jsrinivasan@gibsondunn.com and myu@gibsondunn.com;

## IV.   <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant her request to continue the briefing and hearing schedule on Defendant's MTD and for relief from L.R. 23-3.


DATED: May 27. 2014                */s/ Daniel L. Warshaw*

Clifford H. Pearson (Bar No. 108523)
Daniel L. Warshaw (Bar No. 185365)
Bobby Pouya (Bar No. 245527)
**PEARSON, SIMON & WARSHAW, LLP**

Neville L. Johnson (Bar No. 66329)
Douglas L. Johnson (Bar No. 209216)
James T. Ryan (Bar No. 210515)
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Tel:  (310) 975-1080
Fax: (310) 975-1095
Email: njohnson@jjllplaw.com
Email: djohnson@jjllplaw.com
Email: jryan@jjllplaw.com

Paul R. Kiesel (Bar No. 119854)
Jeffrey A. Koncius (Bar No. 189803)
Mariana Aroditis (Bar No. 273225)
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211
Tel:  (310) 854-4444
Fax: (310) 854-0812

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

859484.3

8

PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE BRIEFING AND HEARING SCHEDULE ON
DEFENDANT'S MOTION TO DISMISS AND FOR RELIEF FROM LOCAL CIVIL RULE 23-3

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

Email: kiesel@kbla.com
Email: koncius@kbla.com
Email: aroditis@kbla.com

Raymond P. Boucher (Bar No. 115364)
Shehnaz M. Bhujwala (Bar No. 223484)
Paymon A. Khatibi (Bar No. 282651)
**KHORRAMI BOUCHER SUMNER SANGUINETTI, LLP**
444 S. Flower St. – 33rd Floor
Los Angeles, CA 90071
Tel:  (213) 596-6000
Fax: (213) 596-6010
Email: rboucher@kbsslaw.com
Email: sbhujwala@kbsslaw.com
Email: pkhatibi@kbsslaw.com

PEARSON, SIMON & WARSHAW, LLP
15165 VENTURA BOULEVARD, SUITE 400
SHERMAN OAKS, CALIFORNIA 91403

859484.3

9

PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE BRIEFING AND HEARING SCHEDULE ON DEFENDANT'S MOTION TO DISMISS AND FOR RELIEF FROM LOCAL CIVIL RULE 23-3