O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN J. BUCK, ) | Case No. CV 14-03637 DDP (FFMx) |
| ) | |
| Plaintiff, ) | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| ) | |
| v. ) | |
| ) | [Dkt. No. 22] |
| METRO-GOLDWYN-MAYER STUDIOS ) INC., AND DOES 1-100, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Presently before the Court is Defendant's motion to remand (the "Motion"). (Docket No. 22.) For the reasons stated in this Order, the Motion is GRANTED. Defendant's motion to dismiss (Docket No. 11) is therefore VACATED AS MOOT.

**I. Background**

Plaintiff Joan Buck ("Plaintiff") owns a portion of the rights to the film "*What's New Pussycat?*." (Complaint, Docket No. 5-1, ¶ 8.) Defendant Metro-Goldwyn-Mayer Studios Inc. ("Defendant") receives income from the distribution and sale of films, including "*What's New Pussycat?*." (Id. ¶¶ 9, 20.) Plaintiff inherited a 10% interest in the adjusted gross proceeds received by Defendant from

the distribution and sale of "*What's New Pussycat?*" ("contingent compensation"). (<u>Id.</u> ¶¶ 8, 21.) Plaintiff alleges that Defendant is withholding the full amount of contingent compensation she is owed. (<u>Id.</u> ¶ 19.) Plaintiff contends that Defendant is only paying contingent compensation to Plaintiff (and others with an interest in Defendant's films) for 20% of Defendant's adjusted gross proceeds, not the appropriate 100%. (<u>Id.</u> ¶¶ 13-14.)

On March 21, 2014, Plaintiff filed this putative class action complaint in the Superior Court for the State of California, County of Los Angeles. (Docket No. 22 at 1.) On May 12, 2014, Defendant removed the action to the United States District Court, Central District of California. (<u>Id.</u>) Prior to removal, on March 26, 2014, the superior court determined that the instant complaint was related to five previously filed class actions because Plaintiff's complaint alleged the same misconduct by Defendant as the allegations against other movie studio defendants in the previously filed cases. (Docket No. 30 at 7.) The superior court judge had already established a coordinated discovery and litigation schedule for the five related cases. (<u>Id.</u> at 8.) The parties agree that 57% of the potential class members in this putative class action have a mailing address in California. (Docket No. 22 at 1.) Defendant alleges that 12% of putative class members are citizens of New York, 14% live outside of the United States, and the contract laws of at least 35 states and 15 foreign countries are at issue. (Docket No. 29 at 1, 4.)

**II. Legal Standard**

At issue in the Motion is whether the instant action should be remanded to the superior court pursuant to 28 U.S.C. § 1332(d)(3).

2

Under 28 U.S.C. § 1332(d), federal courts have original jurisdiction over class actions if the amount in controversy exceeds $5 million and any member of the class of plaintiffs is a citizen of a different state than any defendant ("CAFA jurisdiction"). Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020-22 (9th Cir. 2007). 28 U.S.C. § 1332(d) enumerates exceptions to the federal courts' original jurisdiction over class actions. Id. at 1022. 28 U.S.C. § 1332(d)(3) is one such exception, whereby federal courts have discretion, in the interests of justice, to decline to exercise CAFA jurisdiction based on the consideration of six factors. Id.

> (3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of --
>
>   (A) whether the claims asserted involve matters of national or interstate interest;
>
>   (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
>   (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
>   (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

3

        (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

        (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3). The established rule is that the party seeking to invoke the exception and remand the case bears the burden of showing that the exception applies. Serrano, 478 F.3d at 1021-22. The Court reviews the enumerated factors of 28 U.S.C. § 1332(d)(3) under the totality of the circumstances. Id. at 1022.

**II. Discussion**

    A. Factor A

    Factor A examines whether the claims asserted involve national or interstate interests. 28 U.S.C. § 1332(d)(3); see also S. Rep. No. 109-14, at 36 (2005). Plaintiff argues that California has a unique interest in ensuring that movie studios comply with California law because of the entertainment industry's importance to California's economy. (Docket No. 22 at 6-7.) Additionally, Plaintiff contends that California has an interest in regulating the conduct occurring within its borders. (Docket No. 30 at 3.) Therefore, at issue are primarily local, not national, California interests. (Id. at 3-4)

Defendant argues that all jurisdictions have a strong interest in ensuring that contractual agreements made according to their laws are honored. (Docket No. 29 at 13.) Accordingly, this is not a uniquely local issue because many jurisdictions will have an interest in ensuring their contract law is followed. (Id.)

The Court agrees that Plaintiff has not adequately explained why the controversy is local and does not involve interstate concerns. Further, Plaintiff does not address this case's nationwide ramifications due to the potential that it could involve the contract law of at least 35 states. Plaintiff does not explain why California, more than New York, New Mexico, or any other state, has a strong interest in ensuring that companies in the entertainment industry comply with its contract laws. Therefore, the Court finds that this factor weighs in favor of denying the Motion.

B. Factor B

Factor B examines whether the asserted claims are governed by the laws of the state in which the action was originally filed or by the laws of a different state. 28 U.S.C. § 1332(d)(3). This factor supports adjudicating the class action in federal court if multiple state laws apply to the putative class action. S. Rep. 109-14, at 36. Plaintiff argues that California law governing contracts or choice-of-law applies to the class action. (Docket No. 22 at 6-7, Docket No. 30 at 6-7.) As a result, Plaintiff argues that an evaluation of this factor supports remanding the case. (Id.)

While California choice-of-law and contract law rules might govern, the contract law from 35 different states might potentially

5

be in issue. It is unclear at this stage which state laws will apply to which potential claims or class members. Because the laws of states other than California may govern some of the underlying claims, Factor B weighs in favor of denying the Motion.

C. Factor C

Factor C examines whether the class action was pleaded in a manner as to avoid federal jurisdiction. 28 U.S.C. § 1332(d)(3). It evaluates whether the proposed class encompasses all of the potential class members and claims that would be expected to be included in the class action. S. Rep. 109-14, at 37. If the plaintiff "proposed a natural class - a class that encompasses all of the people and claims that one would expect to include in a class action," or, in other words, the "class definition and claims appear to follow a natural pattern," Factor C would weigh in favor of the federal court remanding the complaint. Id. (internal quotation marks omitted). However, if the proposed class "appears to be gerrymandered solely to avoid federal jurisdiction by leaving out certain potential class members or claims," Factor C would weigh in favor of the federal court adjudicating the complaint. Id.

Defendant argues that Plaintiff drafted the complaint in a manner to avoid federal jurisdiction because she did not include an amount in controversy, did not indicate that she is a citizen of New York, and did not explain that laws from states other than California must be evaluated to adjudicate the complaint. (Docket No. 29 at 15-16.) However, Defendant's argument does not relate to the purpose of this factor. Defendant does not allege, and the Court does not find, that the complaint was drafted in a manner as to leave out potential class members or claims to avoid federal

6

jurisdiction. Therefore, this factor weighs in favor of the Court remanding the case.

D. Factor D

Factor D examines whether the complaint was brought in a forum with a distinct nexus to the class members, the alleged harm, or the defendants. 28 U.S.C. § 1332(d)(3). Factor D evaluates whether the complaint was filed in an out-of-the-way, "magnet" state court with no true relationship to the alleged controversy. S. Rep. 109-14, at 37. The key consideration for this factor is whether there is the presence of a distinct nexus to the forum state in the complaint. Id. If the selected forum's nexus to the controversy is shared by many other forums (e.g., allegedly injured parties live in the locality, just as allegedly injured parties live in many other localities), the nexus is not distinct, and this factor would weigh in favor of the federal court exercising jurisdiction. Id.

Defendant argues that there is no distinct nexus between the forum (California) and this action because Plaintiff is a citizen of New York and many different state and international contract laws are potentially at issue. (Docket No. 29 at 14-15.) Furthermore, 12% of the class members are citizens of New York. (Id. at 12.) Defendant contends that, accordingly, this case is not distinctly Californian and has no distinct nexus to the forum state. (Id. at 16.)

The Court disagrees with Defendant that Factor D weighs in favor of denying the Motion. Even though many state laws are potentially at issue, Congress, in its consideration of the factor, did not indicate that the class' nexus to the forum must be complete. The legislative history indicates that it must be

7

"distinct." S. Rep. 109-14, at 37. Defendant does not rebut Plaintiff's claim that 57% of the putative class members have mailing addresses in California and that because of the number of class members with California mailing addresses, potentially, California law will be a distinct element of the controversy. Further, Defendant is located in California. Therefore, because of these considerations, this factor weighs in favor of remanding the case.

### E. Factor E

Factor E examines whether, in the proposed class, the number of citizens of the state in which the action was originally filed are substantially more than the number of citizens from any other state, and whether the citizenship of the members of the proposed class not from the state in which the action was originally filed is dispersed among a substantial number of states. 28 U.S.C. § 1332(d)(3). It evaluates the geographic distribution of the class members in order to gauge the forum state's interest in handling the litigation. S. Rep. 109-14, at 37. If class members who do not reside in the state where the class action was filed "are widely dispersed among other states (e.g. no other state accounted for more than five percent of the class members)," this factor would support remanding the complaint. Id. at 37-38. However, if their citizenship is not widely dispersed, this factor would weigh in favor of the federal court adjudicating the complaint. Id. at 38.

Plaintiff argues that Factor E weighs in favor of granting the Motion because 57% of putative class members have a California mailing address. (Docket No. 22 at 9.) Furthermore, Plaintiff contends that even if 12% of putative class members reside in New

1  York, California's interest in hearing the case would predominate
2  because the majority of putative class members reside in
3  California. (Docket No. 30 at 6.)
4      The Court disagrees with Plaintiff that this factor weighs in
5  favor of remanding the complaint. Even if 57% of putative class
6  members reside in California, that does not rebut that 12% reside
7  in New York. For geographic distribution to be widely dispersed,
8  and thereby support remanding the complaint, no state other than
9  the state where the complaint was initially filed can have more
10 than 5% of the putative class members. S. Rep. 109-14, at 38.
11 Therefore, according to a plain reading of the legislative history,
12 because 12% of putative class members reside in New York, the
13 geographic distribution is not widely dispersed. Despite a large
14 percentage of the class residing in California, therefore, Factor E
15 weighs slightly in favor of denying the Motion.
16      F. Factor F
17      Factor F examines whether, during the three year-period prior
18 to the filing of the class action, one or more other class actions
19 were filed asserting the same or similar claims on behalf of the
20 same or similar persons. 28 U.S.C. § 1332(d)(3). This final
21 factor's purpose is efficiency and fairness. S. Rep. 109-14, at 38.
22 If other class actions on the same subject are likely to be, or
23 have been, filed elsewhere, Congress intended that this factor
24 "strongly favor the exercise of federal jurisdiction ... [to allow]
25 the claims of all proposed classes be handled efficiently on a
26 coordinated basis pursuant to ... 28 U.S.C. § 1407." Id. However,
27 "if other courts are unlikely to have to undertake the burden of
28 handling the class claims and the state court appears positioned to

handle the case in a manner that is respectful of state law variations," the evaluation of this factor would support a motion to remand. Id.

Defendant argues that Factor F disfavors remanding the instant complaint for two reasons. First, Defendant argues that efficiency is not a consideration in an analysis of 28 U.S.C. § 1332(d)(3). (Docket No. 30 at 16-17.) In the alternative, Defendant argues that it would be unfair for the case to be remanded and joined to the other class actions in the state court because the state court proceedings are at a more advanced stage in their adjudication than the instant complaint. (Id.) As a result, Defendant would be at a disadvantage. (Id.)

When reviewing Factor F with the guidance provided by the legislative history, the Court finds these arguments unpersuasive. First, the legislative history clearly states that one of the purposes of Factor F is to ensure efficiency. S. Rep. 109-14, at 38. Second, with regard to fairness, Defendant's definition of fairness is inconsistent with the legislative history's definition of fairness. The legislative history discusses fairness in the context of whether the state court will be respectful of differences in state law, not whether the Defendant would be disadvantaged by the federal court remanding the case. See id. While the Court is sympathetic to Defendant's concerns, Defendant has provided no facts that would lead the Court to believe that the state court will not accommodate or be respectful of Defendant's entry into the litigation at an advanced stage, or that the state court will be disrespectful of the many state laws potentially at issue in the instant complaint.

10

Additionally, Plaintiff alleges that there are no other class actions filed against Defendant within the previous three years alleging the same or similar conduct. (Docket No. 22 at 9.) Further, Plaintiff contends that there are currently five class actions alleging the same or similar conduct against different movie studios, that all five class actions were deemed related by the state court, and that all five class actions are before a single judge in the Superior Court of California, County of Los Angeles. (Id.) Finally, Plaintiff alleges that the superior court has already established a coordinated discovery and litigation schedule for the related cases. (Docket No. 30 at 8.) There are likely to be substantial efficiency gains if this case proceeds in the coordinated litigation in state court. Therefore, because of the efficiency considerations and the lack of any indication that the state court is not well-positioned to adjudicate this matter, the Court finds Factor F weighs strongly in favor of remand.

**IV. Conclusion**

As a result of the Court's review of the totality of the circumstances, the Court GRANTS the Motion. The Court finds the analysis of Factors C, D, and F persuasive, particularly because the state court has already determined that the instant case relates to five other class actions before it and has already established a process to jointly adjudicate all of them.

///
///
///
///
///

1      For the foregoing reasons, the Court GRANTS the Motion and
2 remands the case to the Superior Court of California, County of Los
3 Angeles. Defendant's motion to dismiss is VACATED AS MOOT.

5 IT IS SO ORDERED.

8 Dated: July 14, 2014

DEAN D. PREGERSON
United States District Judge

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 540146